(165 App. Div. 705)

### WELLS v. HAFF.

(Supreme Court, Appellate Division, Second Department. January 22, 1915.)

MASTER AND SERVANT (§ 30*)—GROUNDS FOR DISCHARGE—SICKNESS.

Though a contract of employment for five years expressly provided that the death of either party should not terminate it within that time, the employer was justified in discharging the employé, where, because of ill health, he was compelled to go away for several months, and even then was in such a state of health that his ability to continue with the employment was doubtful, as the contract, though it contemplated fatal sickness, did not contemplate sickness disabling from service.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 30–36; Dec. Dig. § 30.*]

Appeal from Trial Term, Nassau County.

Action by James Clarence Wells against Alva W. Haff. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

See, also, 158 App. Div. 947, 143 N. Y. Supp. 1149.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Rowland Miles, of Northport, for appellant.
John L. Lockwood, of New York City, for respondent.

THOMAS, J. The plaintiff was employed by defendant for five years under a writing that the death of either party should not terminate the contract previous to that time. After nearly two years and a half of service, the plaintiff's ill health, continuing for a year or more, had brought him to such an anæmic and neurasthenic state as to require him, so his physician advised, to lead for a time a life in the open air, and with defendant's dissent he went away on June 3, 1911, and remained until November 1st, when he tendered a resumption of his services under the contract, which was refused by defendant, who, on July 14th, had notified plaintiff that he canceled the contract and dismissed him from the service. Before leaving in June, plaintiff expressed his willingness to return in two or three months, if he "felt better at the end of that time." The plaintiff's doctor advised him "to go back and try it and see how he could get along," although, as the physician testified, "I didn't consider him in first-class physical condition." So the plaintiff would cast on the defendant the hazards and vicissitudes of his health, going away when he needed invigorating environment, returning after some months, perchance, to see how he "could get along," maybe soon declaring again the necessity of the outdoor life incident to his own affairs at the seaside. Such conduct is sought

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to be excused upon the theory that if he had died from, instead of surviving, the sickness, his estate could collect the salary for the unended term. That would be a misuse of a provision intended to avoid the rule that the death of either party to a contract for personal services terminates the contract. The plaintiff's argument seems to be that, as prolonged sickness may precede death, the defendant, by his contention, could discharge the plaintiff for the absence caused by sickness, although it resulted in death, and so escape payment to his estate. The error is that the result of the sickness determines the liability of the defendant. The parties did not agree that the salary should be paid if plaintiff became sick, whether he lived or died from it. It was an assurance that if he died, whereby his earning power would vanish, the compensation should inure to his estate. Not sickness disabling from service, but fatal sickness, was contemplated. In short, the provision was merely to avoid termination of the contract by death. By plaintiff's contention, sickness disabling or threatening disablement from service excused the service with continuing salary, howsoever soon after the date of the contract it began, whatever its duration or recurrence. That would put upon the defendant the risk of plaintiff's health as well as the possibility of his death. If the provision be read to mean precisely what it says, it becomes at once reasonable and clear. When an attempt is made to fit it to a state of facts not intended by the parties, the distortion suggests false and confusing notions of interpretation.

The judgment should be affirmed, with costs. All concur.